UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| THERESA M. WEESNER,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1]<br><br>Defendants. | Case No. 2:16-cv-02018-RFB-PAL<br><br>ORDER |

## I. INTRODUCTION

Before the Court is Plaintiff Theresa M. Weesner's ("Weesner") Motion for Reversal and Remand, ECF No. 14, and Defendant Nancy A. Berryhill's ("Commissioner") Motion to Affirm, ECF No. 22.

## II. BACKGROUND

Weesner applied for social security benefits and supplemental security income in late 2012, alleging the following disabling impairments as of June 30, 2011: degenerative joint disease of both hips, degenerative disc disease, osteoarthritis, asthma, obesity, major depressive disorder, generalized anxiety disorder, and pain disorder. AR 85–103, 158–79, 336. The Social Security Administration (the "Administration") found Weesner was not disabled under the Social Security Act ("Act") and therefore denied Weesner's applications on April 30, 2013 and again upon reconsideration on September 4, 2013. AR 85–89, 99–103.

/ / /

---

[1] Nancy A. Berryhill, as successor to Carolyn W. Colvin, is automatically substituted as Defendant in this matter under Federal Rule of Civil Procedure 25(d).

Weesner opposed the Administration's denials and requested a hearing regarding her applications. AR 105, 113, 134. An administrative law judge ("ALJ"), Eileen Burlison, conducted a hearing on October 21, 2014, at which Weesner was represented by counsel. AR 46–76. Both Weesner and a vocational expert testified at the hearing. See id.

On January 30, 2015, the ALJ then denied Weesner's applications via a written decision. AR 23–45. The ALJ determined Weesner suffered from several severe physical impairments, including bilateral hip degenerative joint disease, avascular necrosis, degenerative disc disease, osteoarthritis, asthma, and obesity. AR 29. The ALJ, however, found that Weesner's other alleged impairments, including her mental health impairments, were not severe under the Act. AR 29–30.

The ALJ then determined Weesner's residual functional capacity ("RFC").[2] AR 31. In determining Weesner's RFC, the ALJ rejected Weesner's subjective complaints about the intensity, persistence, and limiting effects of the pain, stating that: "[t]he objective medical evidence … shows that [Weesner] has some limitations in her functional abilities" but the functional limitations were not "as severe as [Weesner] alleged." AR 33. Importantly, the ALJ did not issue a finding of malingering. See id. The ALJ instead provided three reasons for her determination. AR 33–35. First, the ALJ found the objective medical evidence did not support the alleged extent of Weesner's limitations. Id. Second, the ALJ found that Weesner's daily activities contradicted the extent of the limitations alleged, specifically emphasizing: Weesner's role as guardian to her two grandchildren (one of which suffers from fetal alcohol syndrome); her ability to perform chores; her continual attendance at church services; and her ability to work occasionally as a substitute teacher for some time after the alleged onset date of the disabling impairments. AR at 35. However, the ALJ previously found that Weesner had not engaged in substantial gainful activity since the alleged onset date. AR 28. Third, the ALJ considered specific medical opinions, assigning the greatest weight to that of a consulting Administration physician and two reviewing Administration physicians. Id. The ALJ finally discounted the statements of two lay witnesses, describing their testimony as influenced by their friendship with Weesner and

---

[2] RFC is defined as the most an individual is capable of doing in a work setting despite the individual's impairments and related symptoms, such as pain. 20 C.F.R. § 416.945(a)(1).

indicating it largely reflected the same allegations made by Weesner. AR 36. Based on the foregoing, the ALJ determined that Weesner could perform light work as defined in 20 C.F.F. § 404.1567(b) and 416.967(b), "except [Weesner] can occasionally perform postural adjustments[] and should avoid hazards including working at heights or around dangerous moving machinery."

With Weesner's RFC determined, the ALJ found that Weesner could perform her past relevant work as an elementary teacher or other occupations to which Weesner's skills were transferrable, *e.g.*, a receptionist. AR 37. The ALJ therefore concluded that Weesner was not disabled under the Act. AR 38.

Weesner appealed the ALJ's decision to the Administration's Appeals Council. AR 1, 5. The Appeals Council denied Weesner's request for review on June 27, 2016, making the ALJ's decision final. Id. Weesner filed this action on August 25, 2016 to challenge the decision. ECF No. 1.

### III. LEGAL STANDARD

42 U.S.C. § 405(g) provides for judicial review of the Commissioner's disability determinations and authorizes district courts to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." In undertaking that review, an ALJ's "disability determination should be upheld unless it contains legal error or is not supported by substantial evidence." Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014) (citation omitted). "Substantial evidence means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." Id. (quoting Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007)) (quotation marks omitted).

"If the evidence can reasonably support either affirming or reversing a decision, [a reviewing court] may not substitute [its] judgment for that of the Commissioner." Lingenfelter, 504 F.3d at 1035. Nevertheless, the Court may not simply affirm by selecting a subset of the evidence supporting the ALJ's conclusion, nor can the Court affirm on a ground on which the ALJ did not rely. Garrison, 759 F.3d at 1009-10. Rather, the Court must "review the administrative

record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion," to determine whether that conclusion is supported by substantial evidence. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).

The Social Security Act has established a five-step sequential evaluation procedure for determining Social Security disability claims. See 20 C.F.R. § 404.1520(a)(4); Garrison, 759 F.3d 995, 1010 (9th Cir. 2014). "The burden of proof is on the claimant at steps one through four, but shifts to the Commissioner at step five." Id. at 1011. At step four, the ALJ considers the assessment of the claimant's RFC as well as the claimant's capability of performing past relevant work. Id. If the claimant is incapable of performing past relevant work, the ALJ determines whether the claimant can make an adjustment to substantial gainful work other than his past relevant work in step five. 20 C.F.R. § 404.1520(g).

**IV. DISCUSSION**

Weesner challenges the ALJ's decision on four grounds: (1) improperly finding Weesner's alleged mental impairments were not severe; (2) improperly discrediting Weesner's subjective complaints of her pain; (3) failing to sufficiently address lay witness testimony; and (4) rendering decisions at step four and step five of the disability evaluation process that were not supported by substantial evidence. The Court finds that remand is warranted on ground two and ground three.

**A. Credibility of Weesner and Lay Witnesses**

To determine the credibility of a claimant's testimony, an ALJ engages in a two-step analysis. Garrison, 759 F.3d at 1014–15. First, the claimant must have presented objective medical evidence of an underlying impairment "which could reasonably be expected to produce the pain or other symptoms alleged." Lingenfelter, 504 F.3d at 1035–36 (quoting Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991). The claimant does not need to produce evidence of the symptoms alleged or their severity, but she must show the impairments could reasonably cause some degree of the symptoms. Smolen v. Chater, 80 F.3d 1273, 1282 (9th Cir. 1996).

Second, the ALJ determines the credibility of the claimant's testimony regarding the severity of her symptoms. Garrison at 1014–15. Unless affirmative evidence supports a finding

of malingering, the ALJ may only reject the claimant's testimony by providing "specific findings as to credibility and stating clear and convincing reasons for each." Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006). "[S]ubjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence," however objective medical evidence, evidence of conservative treatment, and contradictions found by considering the claimants daily activities are relevant factors in determining the severity of the claimant's pain and its disabling effects. Rollins v. Massanari, 261 F. 3d 853, 856–57 (9th Cir. 2001). But "[m]any home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication." Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989). "[C]laimants should not be penalized for attempting to lead normal lives in the face of their limitations." Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998).

Here, the ALJ recognized that the objective medical evidence supported a finding of impairments that could reasonably be expected to cause Weesner's pain or other alleged symptoms. But the ALJ then determined that Weesner's subjective complaints were unsupported by the objective medical evidence, including some conservative treatments, as well as Weesner's daily activities. The Court finds the ALJ erred.

The ALJ erred in concluding that the objective medical evidence showed that Weesner's subjective complaints of her pain were not credible. While the ALJ referenced evidence of "severe degenerative disc disease" and recommendations for hip replacements, the ALJ relied heavily on evidence suggesting "normal" physical examinations, conservative treatment, and physicians' reports lacking any notation of functional limitations. Cherry picking of an administrative record is impermissible. Garrison, 759 F.3d at 1017 n. 23; see also Ghanim v. Colvin, 763 F.3d 1154, 1164 (9th Cir. 2014); Trevizo v. Berryhill, 871 F.3d 664, 679 (9th Cir. 2017). Further, the ALJ relied on the earlier opinions of consulting and examining Administrative physicians rather than the more recent opinions from treating physicians. Compare AR 527–35, 560–73, 601–17 with AR 667–79. The ALJ relied on the earlier opinions of non-treating physicians despite the later medical records indicating Weesner's degenerative impairments were worsening over time—as

///

degenerative conditions do. AR 667. The ALJ failed to explain why the later objective findings could not support the degree of pain and limitations alleged by Plaintiff.

The ALJ also erred in determining that Weesner's daily activities demonstrated Weesner's functional limitations were not as severe as Weesner alleged. In her hearing testimony and in the function report, Weesner acknowledged that she could perform certain chores, care for her grandchildren, attend church, and sporadically work as a substitute teacher. The ALJ relies heavily on Weesner's admission. But in the same testimony and function report—indeed often in the same sentences—Weesner qualified her abilities with limitations.

For example, Weesner testified that she could perform chores like cooking or washing dishes *as long as* she had a stool to support her standing; she could shop for groceries *as long as* she went to a smaller store so that she could make it a quick trip; she could drive *but* she had difficulty getting in and out of a car because of pain; and, she could act as the guardian for her grandchildren *but* they helped care for her in many ways, such as assisting her in putting on shoes or completing the grocery shopping. AR 53–54, 57, 63 – 64, 291–98. The ALJ improperly accepted the portions of Weesner's testimony indicating capabilities while rejecting the portions indicating limitations. Again, cherry-picking of the record is not permissible. Garrison, 759 F.3d at 1017 n. 23; see also Ghanim, 763 F.3d at 1164; Trevizo, 871 F.3d at 679.

Further, "ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day." Garrison, 759 F.3d at 1016. The ALJ failed to specifically, clearly, and convincingly explain why Weesner's activities are consistent with an ability to function in a full-time workplace environment.

As a final issue, the ALJ discredited the two lay witnesses' testimony because the allegations were redundant to Weesner's allegations and the witnesses were friends with Weesner. While the ALJ could properly reject the lay witnesses' testimony on the same grounds as those offered to reject Weesner's testimony if the offered grounds were well supported, Molina v. Astrue, 674 F.3d 1104, 1117 (9th Cir. 2012), the Court has determined the ALJ did not adequately

support her reasoning for finding Weesner not credible. Thus, the Court also finds the ALJ erred in concluding the lay witnesses' testimony was not credible.

### B. Additional Administrative Proceedings

Having founds that the ALJ erred in its disability determination, the Court next considers whether to remand for additional proceedings or for an award of benefits. "[T]the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) (quoting I.N.S. v. Orlando Ventura, 537 U.S. 12, 16 (2002)). The Court "can order the agency to provide the relief it denied only in the unusual case in which the underlying facts and law are such that the agency has no discretion to act in any manner other than to award or to deny benefits." Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1102 n.6 (9th Cir. 2014) (citation omitted). The Court considers whether the record is fully developed, whether there are outstanding issues that must be resolved before a disability determination can be made, and whether further administration proceedings would be useful. Id. at 1101. "Where there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." Id. Remand is "required to allow an agency to consider in the first instance an issue that it ha[s] not previously addressed." Benecke, 379 F.3d at 595 (9th Cir. 2004).

Here, the ALJ did not consider Weesner's subjective complaints of pain or the substantiating testimony from the lay witnesses when determining Weesner's RFC. The ALJ is thus instructed to credit Weesner's testimony regarding her pain and limitations and to reconsider the lay witnesses' testimony in light of this order on remand and to recalculate the appropriate RFC before proceeding to step four and step five of the disability evaluation process.

### V. CONCLUSION

**IT IS ORDERED** that Weesner's Motion for Reversal and Remand (ECF No. 14) is GRANTED and that Defendant's Cross–Motion to Affirm (ECF No. 22) is DENIED.

**IT IS FURTHER ORDERED** that the decision of the ALJ Is VACATED and the case is REMANDED to the Agency for further administrative proceedings. The ALJ is instructed to credit Weesner's testimony regarding her pain and limitations, to reconsider and reject only on

specified grounds the testimony of the two lay witnesses that substantiate Weesner's subjective claims, and to reconsider the sequence of the objective medical evidence when evaluating Weesner's RFC.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter a final judgment in favor of Weesner and against the Commissioner. The Clerk of Court is instructed to close the case accordingly.

**DATED:** November 23, 2018.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**